



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*300 Quarropas Street*
*New York, New York 10601*

August 25, 2016

**BY HAND**[1]
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

**MEMO ENDORSED**

    Re: *Moore* v. *Annucci,* et al., 16 Civ. 4773 (KMK)

Dear Judge Karas:

    We write respectfully on behalf of the United States (the "Government") to request that the Court grant the Government's motion to: (1) intervene in the above-titled matter (the "Civil Action") for the limited purpose of seeking a stay of the action; and (2) stay the Civil Action for a period of six months in light of the Government's ongoing criminal investigation of the subject matter of the Civil Action. This application is unopposed.

    On or about June 21, 2016, plaintiff Kevin Moore ("Moore") filed this civil lawsuit against defendants Anthony J. Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"); Ada Perez, Superintendent of Downstate Correctional Facility ("Downstate"); Sergeant Kathy Todd-Scott; Correctional Officers ("COs") George Santiago, Donald Cosman, and Carson Morris; Nurse Pandora A. Volpe; and multiple John and Jane Does; alleging, *inter alia*, that defendants violated his civil rights pursuant to 42 U.S.C. § 1983 (the "Civil Action"). Specifically, the complaint alleges that Moore, while being housed as an inmate at Downstate in Fishkill, New York, was severely beaten by a group of COs and then denied medical treatment for the resulting injuries. Plaintiff seeks compensatory and punitive damages.

    In November 2015, this Office opened a criminal investigation into the alleged beating of and denial of medical care to Moore on or about November 12, 2013 (the "Criminal Investigation"). The Criminal Investigation is focused on the same conduct at issue in the Civil Action, namely the facts relating to, *inter alia*, whether any Downstate personnel assaulted Moore and/or deliberately failed to provide Moore with medical assistance. Accordingly, the Government expects that there is a substantial, if not complete, overlap of witnesses and evidence in both the Civil Action and the Criminal Investigation.

---

[1] While the Government understands that letters from parties are required to be filed via ECF, the Government is not a party in this matter and the ECF system does not permit non-parties to file letters.

Case 7:16-cv-04773-KMK Document 19 Filed 08/25/16 Page 2 of 4

Hon. Kenneth M. Karas
August 25, 2016
Page 2

As discussed below, the Government submits that a stay of the Civil Action while the Government conducts the Criminal Investigation will serve the public interest of preserving the integrity of the Criminal Investigation, will conserve private, public, and judicial resources, and will only minimally prejudice the parties in the civil matter, if at all. Moreover, no parties to the Civil Action have opposed the Government's proposed stay.[2]

This Court has the inherent power to stay civil cases in the interests of justice pending the completion of a criminal investigation and any subsequent proceedings. *See Landis* v. *North Am. Co.*, 299 U.S. 248, 255 (1936); *Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). Courts routinely grant applications by the Government to stay parallel civil proceedings in order to protect a pending criminal investigation prior to and after indictment. *See, e.g., SEC v. Mersky*, No. Civ. A. 93–5200, 1994 WL 22305 at *6 (E.D.P.A. Jan. 25, 1994) (granting stay of all proceeding is civil enforcement action due to ongoing criminal investigation); *United States* v. *Downe*, No. 92 Civ. 4092, 1993 WL 22126, at *14 (S.D.N.Y. Jan 26, 1993) (granting stay of SEC enforcement action pending criminal investigation).

Given the closely related nature of the Civil Action and the Criminal Investigation, there is a significant risk that proceeding with the Civil Action would undermine and adversely affect the ongoing investigation and any subsequent proceedings. Those concerns include, among others: (i) the premature exposure of witnesses who may be cooperating in the Criminal Investigation; (ii) providing the defense a preview of witness testimony at an eventual criminal trial during the Civil Action; (iii) the potentially significant waste of judicial, government, and defense resources that would result from proceeding simultaneously with overlapping civil and criminal proceedings; and (iv) the possibility that certain witnesses called to testify or to be deposed in the Civil Action may invoke their Fifth Amendment rights while the Criminal Investigation is ongoing, which would impair a full trial on the civil issues in any event.

In addition, even before discovery has commenced, we understand that the NYAG must conduct its own investigation of the facts before it can make a determination as to whether to provide representation to defendants in the Civil Action or respond to the complaint. The Government is concerned that having another entity in a defensive posture simultaneously investigating the same incident could negatively impact the Criminal Investigation. Further, to the extent that the Criminal Investigation results in criminal charges being brought, that would presumably impact the NYAG's decision-making with regard to representating defendants and responding to the complaint.

Courts generally apply a five-factor test in determining whether to stay a civil action pending the resolution of a related criminal matter, considering: (i) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation balanced against the prejudice to the plaintiffs if delayed; (ii) the private interests of and burden on the defendants; (iii) the interests of the courts; (iv) the interests of persons not parties to the civil litigation; and (v) the public interest. *SEC* v. *Beacon Hill Asset Mgmt. LLC*, No. 02 Civ. 8855, 2003 WL 554618, at *1

---

[2] Counsel for plaintiff has consented to this application. The Office of the New York Attorney General, which reports that it has received requests for representation from all of the defendants, has likewise consented.

(S.D.N.Y. Feb. 27, 2003); *see also Doody IV*, 186 F. Supp. 2d 379, 381 (S.D.N.Y. 2002). Here, the factors weigh in favor of granting a stay.

A stay of the Civil Action will only minimally prejudice, if at all, the parties to the Civil Action. Indeed, the parties do not oppose the stay presumably because they perceive that any potential prejudice to them—essentially, their interest in resolving the Civil Action—is outweighed by both the public interest in the enforcement of criminal laws and the fact that resolution of the criminal process may result in a more efficient resolution of the Civil Action. *See generally In re Ivan F. Boesky Sec. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the public interest in the criminal case is entitled to precedence over the civil litigant"); *United States* v. *Hugo Key & Son, Inc.*, 672 F. Supp. 656, 685 (D.R.I. 1987) ("While a civil litigant with a private dispute has an interest in the prompt disposition of his or her claims, the public has a greater interest in the enforcement of the criminal law."). Any prejudice defendants may suffer by the delay of the Civil Action is outweighed by the concern that targets or subjects of the Criminal Investigation may seek to assert their Fifth Amendment rights rather than submit to a deposition. Such a result would potentially prejudice defendants and the plaintiff. *See United States* v. *Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2005) (noting that invocations of the Fifth Amendment privilege can disrupt the orderly conduct of a civil case).

As to the interest of the Court, allowing the Criminal Investigation and any subsequent criminal process to resolve itself ahead of the Civil Action may result in a narrowing of the factual and legal issues before this Court. *See Volmar Dist., Inc.* v. *New York Post Co.*, 152 F.R.D. 36, 40 (S.D.N.Y. 1993). Accordingly, the interests of judicial economy are better served by the stay the Government seeks.

Additionally, the Government is not aware of any third parties that would be harmed by a stay, and, as discussed, the public interest in the enforcement of the criminal law will be served by a stay. There are multiple witnesses who have information that is relevant to both the Civil Action and the Criminal Investigation. The disclosure of the testimony of these witnesses could severely impair the Criminal Investigation. First, such witnesses may be forced to testify about any efforts to assist the Criminal Investigation, and may thereby expose facts about the investigation that would otherwise not be disclosed far in advance of a criminal trial and, at worst, could lead to the fabrication or destruction of evidence. Furthermore, those witnesses could expose themselves and/or their families to harassment or intimidation. Finally, providing a preview of witnesses' testimony and then subjecting them to cross-examination in a civil proceeding could severely undermine their usefulness at any future criminal trial. *See, e.g., In re WorldCom, Inc. Sec. Litig.*, Nos. 02 Civ. 3288, 02 Civ. 4816, 2002 WL 31729501, at *9 (S.D.N.Y. Dec. 5, 2002) (the United States Attorney "has a significant interest in preserving the usefulness of [cooperators] as Government witnesses"); *Downe*, 1993 WL 22126, at *12-*13 (finding where a witness in a civil suit is cooperating with a grand jury investigation relating to the subject matter of the civil suit, there is a compelling reason for a stay).

Finally, any stay would be no longer than necessary to accommodate the interests of the criminal process. At this time, the Government seeks a stay of only six months to permit it to complete the Criminal Investigation. The Government is moving as expeditiously as possible and has committed substantial resources to the investigation.

  For all these reasons, the Government respectfully requests that this Court stay the Civil Action for a period of six months. A proposed order staying the Civil Action is enclosed for the Court's review and approval.

  We thank the Court for considering this application.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: *Daniel P. Filor*

   DANIEL P. FILOR
   PIERRE G. ARMAND
   Assistant United States Attorneys
   (914) 993-1912/(212) 637-2724
   Daniel.Filor@usdoj.gov
   Pierre.Armand@usdoj.gov

cc:  BY EMAIL
   Philip M. Hines, Esq. (phines@heldhines.com)
   *Counsel for Plaintiff*

   Maria B. Hartofilis (maria.hartofilis@ag.ny.gov)
   Assistant New York Attorney General

The Clerk of the Court is respectfully requested to docket this letter.

So Ordered.

/s/ Kenneth M. Karas
8/25/16