UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
KEVIN MOORE,

                                Plaintiff,

            - against -

ANTHONY J. ANNUCCI, et al.,

                               Defendants.
------------------------------------------------------------ X

16 Civ. 4773 (KMK)

**STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND PARTIAL ORDER OF DISMISSAL**

       This SETTLEMENT STIPULATION, GENERAL RELEASE, AND PARTIAL ORDER OF DISMISSAL ("Settlement Stipulation") is made by and between Plaintiff Kevin Moore ("Plaintiff") and Defendants Anthony Annucci, Ada Perez, William Many, Mario Malvarosa, and Pandora Volpe (collectively " Settling Defendants"); and

       This Settlement Stipulation specifically excludes, and does not resolve, any claims against Defendants Kathy Todd-Scott, George Santiago, Donald Cosman, Carson Morris, Andrew Lowery, and Susan Langford, the Non Settling Defendants in this action; and

       WHEREAS, Plaintiff commenced this action ("the Action"), by filing a complaint on or about June 21, 2016 against Defendants, followed by the filing of an amended complaint on or about November 9, 2016 (the "Amended Complaint"), alleging that Defendants had violated Plaintiff's rights, under U.S.C. § 1983, during Plaintiff's incarceration in the New York State Department of Corrections and Community Supervision ("DOCCS") system; and

       WHEREAS, Settling Defendants, whether in their individual or official capacities, expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

       WHEREAS, Plaintiff and Settling Defendants wish to fully resolve the claims alleged in the Amended Complaint in the Action, and any and all other disputes, whether known or

unknown, without further litigation or proceedings and without admission of fault or liability and have negotiated in good faith for that purpose; and

WHEREAS, none of the parties to the Action is an infant or incompetent person; and

WHEREAS, Plaintiff represents and warrants that, other than this Action, and <u>Kevin Moore v. State of New York</u>, Claim No. 124603/2014 currently pending in the Court of Claims, which is being released by this settlement, he has no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit.

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Stipulation, Plaintiff and Settling Defendants hereby agree as follows:

### 1. **Dismissal of the Action With Prejudice**

The Action and all claims asserted therein are discontinued with prejudice against Settling Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amount specified in Paragraph 2 below.

### 2. **Payment to Plaintiff and Plaintiff's Attorneys**

In full consideration of Plaintiff's execution of this Settlement Stipulation, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice as to the Settling Defendants and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Settling Defendants shall pay the gross amount of Seven Hundred Fifty Thousand Dollars ($750,000), in full satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against the Settling Defendants, whether in their individual or official capacities, DOCCS, the State of New York, or any of its predecessors, or any of their current or former

2

employees, subdivisions, units or related entities, arising out of conduct, acts, or omissions prior to, up to and including the date of this Settlement Stipulation, including but not limited to those asserted in the Action, including any attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action as follows:

    a.    The State of New York, on behalf of the Settling Defendants, shall pay to Plaintiff and Plaintiff's Attorneys, Held & Hines, L.L.P., the sum of Seven Hundred Fifty Thousand Dollars ($750,000), for which I.R.S. Forms 1099 shall be issued, in full satisfaction and complete satisfaction of: (1) any and all claims for damages incurred by Plaintiff that were or could have been the subject of any claim in the Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, including, but not limited to, any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action; and (2) any and all claims, purported claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.

    b.    The foregoing payment shall be made payable to Plaintiff, Kevin Moore, and Plaintiff's attorneys, Held & Hines, L.L.P., and mailed to the attention of Plaintiff's attorneys at 2004 Ralph Avenue, Brooklyn, N.Y. 11234.

3

c. Within thirty (30) days from receipt of the foregoing payment, Plaintiff's attorneys shall deduct therefrom any and all sums due and owing for costs, disbursements and legal fees, in full satisfaction and complete satisfaction of any attorney's fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action and forward the remaining balance to Plaintiff at his DOCCS correctional facility for deposit in his inmate facility/departmental account.

### 3.  State Approval of Payment

Payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation is subject to the approval of all appropriate state officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and his counsel agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

### 4.  Accrual of Interest

In the event that payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Agreement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Settlement Stipulation, interest on any part of the settlement amount, as specified in paragraph 2 of this Settlement Stipulation, not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day, unless the provisions of Executive Law Section 632-a apply to the plaintiff and the payment hereunder constitutes "funds of a convicted

person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

### 5. Responsibility of Plaintiff and Plaintiff's Attorneys for Taxes

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 2 of this Settlement Stipulation shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys, and that Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against Settling Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties. Plaintiff and Plaintiff's attorneys agree that they will defend, indemnify, and hold harmless Settling Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

### 6. Responsibility of Plaintiff and Plaintiff's Attorneys for Liens

Plaintiff and Plaintiff's attorneys agree that neither Settling Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), DOCCS, nor any of their current or former officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) that may attach to the settlement amount specified in Paragraph 2 of this Settlement Stipulation. Plaintiff and

5

Plaintiff's attorneys shall have no claim, right, or cause of action against Settling Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agree that they will defend, indemnify, and hold harmless Settling Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

## 7. Medicare Certification

Plaintiff and Plaintiff's attorneys acknowledge and understand that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agree to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as Exhibit A, to the OAG. Plaintiff and Plaintiff's attorneys acknowledge and understand that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation, and falls within the category of "other documentation" described in Paragraphs 3 and 4 of this Agreement.

## 8. Liability of Plaintiff for Any Medicare Payments and/or Liens

Plaintiff agrees to defend, indemnify, and hold harmless Settling Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether

in their official or individual capacities, regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. If conditional and/or future anticipated Medicare payments have not been satisfied, the State of New York and/or DOCCS and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amount specified in Paragraph 2 of this Settlement Stipulation. Upon receipt of all required documentation under Paragraphs 3 and 7, payment of the settlement amount specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

### 9.     **General Release**

a.      In consideration of the payment of the sum recited in Paragraph 2 above, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges each of the Settling Defendants, DOCCS, the State of New York, (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and all of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities, with the exception of the Non Settling Defendants, (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and

including the date of this Settlement Agreement, including but not limited to: (a) any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Complaint or Amended Complaint in this Action; (b) any and all claims regarding or arising directly or indirectly from either Plaintiff's association with any of the Released Parties or the terms and conditions of his association with any of the Released Parties, including but not limited to, his incarceration in the DOCCS system, (c) any and all other claims, whether for damages, equitable or declaratory relief (including but not limited to, claims for compensatory, punitive, or other damages), breach of contract, negligence, estoppel, defamation, infliction of emotional distress, violation of public policy, or any other tort, or any claim for costs, fees, or other expenses including attorneys' fees, or any other claims under federal, state, or local law relating to Plaintiff's incarceration in the DOCCS system. Plaintiff also waives and releases any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement, including, but not limited to, those raised in <u>Kevin Moore v. State of New York</u>, Claim No. 123679/2013 which has since been dismissed, and <u>Kevin Moore v. State of New York</u>, Claim No. 124603/2014 currently pending in the Court of Claims, which is being released by this settlement.

      b.     The release set forth in paragraph 8(a) herein shall not apply to Plaintiff's causes of action and claims against Defendants Kathy Todd-Scott, George Santiago, Donald Cosman, Carson Morris, Andrew Lowery, and Susan Langford, the Non Settling Defendants in this action.

     **10.**    **No Other Action or Proceeding**

Other than the Action, and <u>Kevin Moore v. State of New York</u>, Claim No. 124603/2014 currently pending in the Court of Claims, which is being released by this settlement, Plaintiff represents and warrants that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against the Settling Defendants, DOCCS, the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their current or former officials, employees, or agents, whether in their individual or official capacities, on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, with the exception of <u>Kevin Moore v. State of New York</u>, Claim No. 123679/2013, filed in the Court of Claims, which has since been dismissed, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Settling Defendants to enter into this Settlement Stipulation.

## 11. No Other Attorneys

Plaintiff and Plaintiff's undersigned attorneys represent and warrant that there are no other attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in connection with the Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. Plaintiff and Plaintiff's undersigned attorneys agree to defend, indemnify, and hold harmless Settling Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or

otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.

### 12. No Prevailing Party

Neither Plaintiff nor Settling Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

### 13. Successors and Assigns

The terms and conditions of this Settlement Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

### 14. Authority

Each signatory to this Settlement Stipulation hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Stipulation.

### 15. Voluntary Agreement

The parties hereto execute and deliver this Settlement Stipulation voluntarily after being fully informed of its terms, contents and effect, and acknowledge that they understand its terms, contents and effect. The parties hereto acknowledge that they are aware, and are advised, of their right to seek the advice of an attorney and that they have been represented by counsel of their choosing before agreeing to any settlement or release, and no compromise or representation of

any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

### 16. No Admission of Liability

It is understood and agreed that any actions taken or payment made pursuant to this Settlement Stipulation are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Stipulation and the actions taken or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted in the Action. Nothing contained in this Settlement Stipulation shall be deemed to constitute a policy, practice, or custom of DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities.

### 17. No Precedential Value

This Settlement Stipulation shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Stipulation shall not bind or collaterally estop Settling Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

### 18. Entire Agreement

11

This Settlement Stipulation constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

### 19. Governing Law

The terms of this Settlement Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims or purported claims pursuant to Paragraph 9 of this Settlement Stipulation.

### 20. Severability

If any provision of this Settlement Stipulation shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

### 21. Headings

The headings contained in this Settlement Stipulation are for convenience of reference only and are not a material part of this Settlement Stipulation.

### 22. Execution

This Settlement Stipulation may be executed in any number of counterparts, all of which taken together shall constitute one Settlement Stipulation, and may be executed by facsimile signature and facsimile notary seal.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Settlement Stipulation and accept and agree to the provisions contained herein, and have each executed this Settlement Stipulation to be effective on the day and date indicated below.

Dated: New York, New York
December 2, 2017 2018
February

**ERIC T. SCHNEIDERMAN**
Attorney General of the State of New York
*Attorney for Settling Defendants*

**MARIA B. HARTOFILIS**
Assistant Attorney General
120 Broadway, 24th Floor
New York, N.Y. 10271
(212) 416-6295

Dated: Brooklyn, New York
December 19, 2017

**HELD & HINES, L.L.P.**
*Attorneys for Plaintiff*

**PHILIP M. HINES, ESQ.**
2004 Ralph Avenue
Brooklyn, N.Y. 11234
(718) 531-9700

13

Dated: WAWONACH, New York
December 18, 2017

*Plaintiff*

_____
Kevin Moore

## ACKNOWLEDGMENT

On the 18th day of December, 2017, before me came, Plaintiff, Kevin Moore, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.

_____
Notary Public

KAREN HAIGHT
Notary Public, State of New York
No. 01HA6342990
Qualified in Ulster County
My Commission Expires 05/31/20

**SO ORDERED:**

Dated: White Plains, New York
~~December~~, ~~2017~~ March 8, 2018

_____
Hon. Kenneth M. Karas, U.S.D.J.

14