

Marc J. Held*
Philip M. Hines*

*Also Admitted in New Jersey

**HELD & HINES LLP**
ATTORNEYS AT LAW

Edward S. Miller
Frank B. Poe
Scott B. Richman

March 16, 2018



**VIA ECF**
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

        Re:    Kevin Moore v. Annucci, et al.
                16 Civ. 4773 (KMK)

Your Honor,

      This office represents the plaintiff in the above-referenced §1983 action. I write in response to defendant Kathy Todd-Scott's letter motion dated March 8, 2018 seeking dismissal of this action against her and respectfully request an extension of time to serve the Amended Complaint.

      By way of background, on or about November 12, 2013, defendant Scott and the other defendant correction officers beat Plaintiff, a prisoner at Downstate Correctional Facility, nearly to death, in violation of his civil rights. The defendant officers, including defendant Scott, were prosecuted for their excessive use of force. See, *U.S. v. Kathy Scott, et al.*, 16 Cr. 626 (KMK). Following a jury trial before Your Honor, defendants Kathy Scott and George Santiago were convicted on all four counts of violating Plaintiff's civil rights. Prior to trial, defendants Donald Cosman, Carson Morris, and Andrew Lowery were also convicted on all counts of violating Plaintiff's civil rights upon their entering guilty pleas as to same. All defendants await sentencing.

      On June 21, 2016, Plaintiff commenced this civil action by the filing of his Complaint. See, Doc. 1. On August 3, 2016, defendant Scott was served with the Complaint at the New York State Department of Corrections' Counsel's Office[1]; the affidavit of service was electronically filed on August 11, 2016. See, Doc. 15. Thereafter, on August 15, 2016, Assistant Attorney General Maria Hartofilis sought an extension of time to answer on behalf of all defendants so that her office could conduct the required representational analysis. See, Doc. 16. The Court granted the defendants' request on August 17, 2016 – extending the defendants' time to move or answer to September 30, 2016. See, Doc. 17 (attached).

---

[1] As Scott's employment had been terminated at that time, she authorized DOCCS' Counsel's Office to accept service on her behalf.

370 Lexington Avenue, Suite 800
New York, NY 10017
Tel: 212.696.4LAW
Fax: 646.590.4295

www.heldhines.com

2004 Ralph Avenue
Brooklyn, NY 11234
Tel: 718.531.9700
Fax: 718.444.5768

Prior to the defendants' deadline to answer, Assistant United States Attorney Daniel Filor, on behalf of the Government, moved by letter motion dated August 25, 2016 to intervene in this matter for the purpose of seeking a stay of this civil case in light of the prosecution. See, Doc. 19. The Court granted the Government's request, see, Doc. 20, and each of its subsequent requests to continue the stay. See, Docs. 29-32. This civil matter was stayed from August 25, 2016 through February 5, 2018.

While the stay was in effect, Plaintiff learned from the unsealed criminal indictments the name of another one of his assailants, Andrew Lowery, and was also able to identify Susan Langford as the nurse who examined him after the beating and determined that he did not need medical attention. Accordingly, Plaintiff requested the stay be limitedly lifted so he could file an Amended Complaint naming these individuals, as well as identify the John Doe administrators, prior to the expiration of the statute of limitations. Plaintiff's request was granted and the stay was lifted on November 9, 2016 for the limited purpose of allowing Plaintiff to file an Amended Complaint, see, Doc. 22, which he filed that day. See, Doc. 23.

As the criminal trial was approaching, the undersigned and Ms. Hartofilis entered into lengthy negotiations that culminated in a settlement just prior to the opening of defendants Scott and Santiago's criminal trial in early November 2017. At the very end of those negotiations, Ms. Hartofilis advised the undersigned that the Attorney General's Office declined representation requests from defendants Kathy Scott, George Santiago, Donald Cosman, Carson Morris, and Andrew Lowery, and would not be representing Susan Langford as she did not request same, and that the State's offer was extended only on behalf of the supervisory officials.

The Attorney General's Office's representational decision came as a surprise to the undersigned. At the time the Amended Complaint was electronically filed and served on November 9, 2016, Ms. Hartofilis had previously represented to the Court that she was seeking an extension of time to answer on behalf of all defendants, see, Doc. 16, and there was nothing between then and November 2017 to indicate otherwise. The undersigned had a good faith basis to believe that service on Ms. Hartofilis was good service of the Amended Complaint upon all defendants named in the original complaint.[2] The Amended Complaint was timely served upon the new defendants, though.

In light of the Attorney General's Office's belated and recent decision not to represent her, defendant Scott is now attempting to have this action dismissed against her. Given the peculiar circumstances aforesaid, and that service on Ms. Hartofilis may be insufficient, Plaintiff respectfully requests a 45-day enlargement of time to serve the Amended Complaint upon defendants Scott, Cosman, and Morris.

Pursuant to Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss

---

[2] Presumably, the Attorney General's Office's refusal to represent defendants Scott, Santiago, Cosman, Morris, Lowery, and Susan Langford also came as a surprise to the defendants as, upon information and belief, the Attorney General's Office did not notify these defendants that they would not be represented in this matter until the end of January or beginning of February, 2018.

the action without prejudice against that defendant *or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.*" (emphasis supplied). In the event the Court is not inclined to order service be made by a date certain, Plaintiff respectfully requests an enlargement of time to serve based upon good cause shown.

In determining whether a plaintiff has demonstrated good cause, "'[d]istrict courts consider the diligence of plaintiff's efforts to effect proper service and any prejudice suffered by the defendant as a consequence of the delay.'" Blandford, 193 F.R.D. 65, 68 (N.D.N.Y. 2000) (*quoting* Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (*citing* Echevarria v. Department of Correctional Servs., 48 F. Supp. 2d 388, 392 (S.D.N.Y. 1999))). Given Plaintiff's good faith belief that the Attorney General's Office was representing defendants Scott, Santiago, Cosman, and Morris, it was reasonable to believe that timely service of the Amended Complaint on that office was good service on those defendants. Additionally, the defendants have not been prejudiced by the delay as the stay was just removed on February 8, 2018 and the Court directed the defendants answer by February 26, 2018, which was later extended at their request to March 15th for defendant Scott and March 28th for defendants Morris and Cosman. See, Doc. 36, 37, and 42, respectively. Moreover, the defendants cannot claim they are surprised by this action as they have known about it since being served with the Complaint nearly two years ago. Furthermore, the defendants will not be prejudiced by a delay as summary judgment as to their liability is a formality given their convictions for violating Plaintiff's civil rights. The defendants' ability to defend themselves on damages has not been prejudiced by this brief delay.

While Plaintiff believes that he has demonstrated good cause, Rule 4(m) permits this Court, in its discretion, to extend his time for service even if he has not shown good cause. *See*, Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007). In deciding whether to grant an extension of time, the Court must consider the following factors: (1) plaintiff's diligent efforts to effect service; (2) whether the applicable statute of limitations would bar the refiled action; (3) whether the defendant had actual notice of the claims asserted in the complaint; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision. *See*, Terry v. Inc. Vil. of Patchogue, 2010 US Dist LEXIS 48664, at *15 (E.D.N.Y. May 17, 2010) (*citing* Castro v. City of New York, 2007 U.S. Dist. LEXIS 77878, 2007 WL 3071857, at *7 (S.D.N.Y. Oct. 10, 2007).

Evaluating these factors, they militate enlarging Plaintiff's time to serve as (1) Plaintiff served the Amended Complaint upon defendants' stated counsel at that time; (2) if the Court were to dismiss the action for failure to serve the Amended Complaint, Plaintiff would not be able to refile the action as all of his claims would be time-barred; (3) the defendants had actual notice of the claims as they were served with the Complaint and aware through the criminal proceedings that there was a parallel civil action pending by Plaintiff; and (4) the defendants would not suffer prejudice for the reasons previously stated. Accordingly, Plaintiff should be granted an extension of time to serve his Amended Complaint on defendants Scott, Cosman, and Morris.

I thank the Court for its time and attention to this matter.

Respectfully submitted,

HELD & HINES, LLP

/s/

Philip M. Hines

Encls.

Defendant Scott is to respond to this letter by 3/30/18.

So ordered-

/s/ KMK

3/19/18

The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff

# EXHIBIT A

Case 7:16-cv-04773-KMK Document 52 Filed 03/20/18 Page 6 of 7
Case 7:16-cv-04773-KMK Document 51 Filed 03/16/18 Page 6 of 7
Case 7:16-cv-04773-KMK Document 17 Filed 08/17/16 Page 1 of 2
Case 7:16-cv-04773-KMK Document 16 Filed 08/15/16 Page 1 of 2

**MEMO ENDORSED** 

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

KENT T. STAUFFER
EXECUTIVE DEPUTY ATTORNEY GENERAL
DIVISION OF STATE COUNSEL

LISA R. DELL
ASSISTANT ATTORNEY GENERAL IN CHARGE
LITIGATION BUREAU

August 15, 2016

By ECF
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: Moore v. Annucci, et al. 16-CV-4773 (KMK)

Dear Judge Karas:

I am an Assistant Attorney General in the Office of Eric T. Schneiderman, Attorney General of the State of New York. Defendants in the above-referenced case Annucci, Perez, Malvarosa, Cosman and Volpi have been served and have requested representation from this Office. Upon information and belief, defendants Many, Morris, Todd-Scott and Santiago are in the process of being served and contacting this Office. With the consent of plaintiff's counsel, we respectfully request that the defendants' time to move or answer with respect to the complaint be extended to October 31, 2016. This is the first request for an extension for the defendants in this case. There are currently no other scheduled dates pending.

Pursuant to New York State Public Officers Law § 17, prior to undertaking the representation of any defendants, this Office must conduct an investigation and review of the facts and circumstances of the case in order to determine whether representation by this Office would be appropriate. Due to the allegations in this action, these representational determinations under § 17 require a separate evaluation of all facts and circumstances relevant to each requesting defendant. A representational analysis and determination will have to be conducted for each defendant who is served in this action and requests representation from this Office.

We make this initial application to the Court in order to afford this Office the time needed for the required factual investigation and representational determinations to be made under Public Officers Law. In the event that we are unable to complete the representational process in

120 BROADWAY, NEW YORK N.Y. 10271-0332 • PHONE (212) 416-8610 • FAX (212) 416-6075 *NOT FOR SERVICE OF PAPERS
HTTP://WWW.AG.NY.GOV

Case 7:16-cv-04773-KMK   Document 52   Filed 03/20/18   Page 7 of 7
Case 7:16-cv-04773-KMK   Document 51   Filed 03/16/18   Page 7 of 7
Case 7:16-cv-04773-KMK   Document 16   Filed 08/17/16   Page 2 of 2

sufficient time for the defendants to respond to the complaint by October 31, 2016, we will promptly contact plaintiff's counsel and the Court.

Wherefore, it is respectfully requested that the time for the defendants to move or answer with respect to the complaint be extended to October 31, 2016.

> The request is granted in part. Defendants' time to move or answer is extended to September 30, 2016. There will be no more extensions.
>
> SO ORDERED
> /s/ Kenneth M. Karas, U.S.D.J.
> 8/16/16

Respectfully submitted,

/s/ Maria B. Hartofilis

Maria B. Hartofilis
Assistant Attorney General
(212) 416-6295

cc: Philip Hines, Esq. (via ECF)