UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KEVIN MOORE,

                        Plaintiff,                    16 Civ. 4773 (KMK)

        -against-

                                   VERIFIED ANSWER

ANTHONY J. ANNUCCI, idividually and in his
official capacity as Acting Commissioner of the
New York State Department of Corrections and
Community Supervision, ADA PEREZ, individually
and in her official capacity as Superintendent of
Downstate Correctional Facility, Sergeant KATHY
TODD-SCOTT, individually and in her official
capacity, CORRECTIONAL OFFICER GEORGE
SANTIAGO, individually and in his official
capacity, CORRECTIONAL OFFICER DONALD
COSMAN, Individually and in his official capacity,
CORRECTIONAL OFFICER CARSON MORRIS,
individually and in his official capacity,
CORRECTIONAL OFFICER ANDREW LOWERY,
Individually and in his official capacity, SUSAN
LANGFORD RN-II, individually and in her official
capacity, PANDORA A. VOLPE RN II individually
and in her official capacity, WILLIAM MANY,
individually and in his official capacity as Deputy
Superintendent for Security of Downstate Correctional
Facility, MARIO MALVAROSA, M.D., individually
and in his official capacity as Downstate Correctional
Facility Health Services Director and Sergeant JOHN
DOE, individually and in his official capacity,

                              Defendants.
-----------------------------------------------------------------X

        Defendant, SERGEANT KATHY TODD-SCOTT, by her attorney, CHESTER G. KROM,

Esq., as and for her verified answer states and alleges to the Court as follows upon information and

belief:

        ADMITS the allegations in paragraph 43 of the Complaint and Paragraph 77 the first  sentence

thereof.

        DENIES INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained

in paragraphs 19-21, 26, 37, 38, 41 as to Cosman and Morris, 42, and 44, but believes those allegations to be untrue, 47-49, 51, 55, 56, 80, 83-85 ,97 100-107, 109-112, 113-116, 119, 124, 126-128, 130, 131, 133-136 and 137 which is deemed untrue.

DENIES THE ALLEGATIONS CONTAINED IN PARAGRAPHS 23, 24, 28-33, 34 and questions how plaintiff was speaking if he was unconscious as alleged in said paragraph, 35,36, 39, 40, 45, 46, 50, 52-54, 57-65, 66 67 and in particular as to being handcuffed, 68-70, particularly as dplaintiff told officers "I am a Monster", 71-76, 77 as to the second sentence thereof, 78, 79, 81, 82, 86-91, 93-96 98, 120-123, 125, 129, 132, 138, 139, 142 and 143.

AS AND FOR AN AFFIRMATIVE DEFENSE TO THIS ACTION

1. Defendant SERGEANT KATHY TODD-SCOTT ( hereinafter SKTS) at the times mentioned in the verified complaint was an employee of the State of New York and the New York State Department of Corrections and Community Supervision ( hereinafter NYSDOCCS)and any actions by her were actuated by the rules and guidelines of the NYSDOCCS, and or were required by the description of her job as promulgated by NYSDOCCS.

2. That any injuries suffered by the Plaintiff were a direct result of improper training, rules or regulations of the NYSDOCCS.

3. That the Defendant SKTS, as well as other corrections officers present on the date in question acted within their job description and according to the Rules and Regulations of NYSDOCCS as required by such rules and regulations in their handling of the defendant refusal to comply with their orders and struggling with the defendants.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4. Any injuries caused to the Plaintiff were a result of actions other than those of the Defendant SKTS, other defendants having caused said injuries, including also the City of New York and the Department of Correction of the City of New York, their agents, servants and employees.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE AND COUNTERCLAIM

5.  Any injuries caused to the plaintiff were a result of the plaintiff's own action in connection with the incident in question as the plaintiff is well known to disobey orders of corrections officers, is known to act violently, and has mental problems when he is confined or handcuffed.

6.  That the Plaintiff's actions in contravention of the behavior required by an inmate in the New York State Correctional Facility caused his injuries.  That the Defendant SKTS has been wrongfully convicted of a crime due to the Plaintiff's actions and has suffered the loss of income, pension, payment of counsel fees and other damaqge both financial and mental for which the SKTS hereby counterclaims the Plaintiff, Kevin Moore for the sum of TWO MILLION DOLLARS.

AS AND FOR A CROSS CALIM AGAINST THE STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SERVICES

7.  That the Defendant DOCCS improperly trained SKTS in the use of force, did not pose rules or regulations clearly setting forth the necessary force in a given situation and in addition thereto supplied employees to SKTS who were improperly trained, informed or psychologically not fit for the job of handling inmates.  Further, NYS DOCCS did not advise the defendant or her agents or fellow employees of the mental health problems of the defendant, his falure to obey a corrrection officers commands, his tendency towards violent actions and crimes and his particular dislike of the SHU wherein he had resided for many a time.

AS AND FOR A CROSS CLAIM AGAINST THE CITY OF NEW YORK

8.  That the injuries, if any, to he Plaintiff, were caused on the prison bus owned by the City of New York and by the employees of the City of New or fellow prisoners on said bus transportiung the Plaintiff from Fishkill to Rikers.  Rikers

employees being well known for beating prisoners and sometimes murdering the same by such or their indifference to the prisoners suffering.  The lack of video of the bus and the reception at Rikers denied the SKTS the opportunity to show that the Plaintiff did not receive the severe injuries at her job site.

WHEREFORE, the Defendant SKTS demands judgment against the Plaintiff, Kevin Moore

    a.  Dismissing the complaint and amended complaint brought by Kevin Moore.

    b.  Judgment against Kevin Moore in the amount of TWO MILLION DOLLARS.

    c.  Judgment against the State of New York and the DOCCS in an amount to be determined by the Court.

    d.  Judgment against the City of New York for damages in an amount to be determined by the Court.

    e.  For the costs and disbursments of this action against Kevin Moore and such other an

further relief as to the Court may seem just and reasonable.

CHESTER G. KROM, ESQ.
Attorney for the Defendant Sergeant
Kathy Todd Scott
86 Elmendorf Street
Kingston, New York  12401
(845) 331-5733

TO:    HELD & HINES, LLP
        Attorney for the Plaintiff
        2004 Ralph Avenue
        Brooklyn, New York  11234

# VERIFICATION

STATE OF NEW YORK

SS:

COUNTY OF ULSTER

              KATHY TODD SCOTT,, being duly sworn, deposes and

says: I am the One of the Defendants in the above entitled action; I  have read the annexed Complaint,

know the contents thereof and the same are true to my knowledge. except as to those matters therein

which are stated to be upon information and belief and as to those matters I believe them to be true.

*Kathy Todd Scott*

KATHY TODD SCOTT

Sworn to before me this 25th
day of  June, 2018.

CHESTER G. KROM
Notary Public, State of New York
No. 02KR7371125
Qualified in Ulster County
Commission Expires February 28, 20 ___