

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KEVIN MOORE,

                Plaintiff,                16 Civ. 4773 (KMK)

    -against-

                                          VERIFIED ANSWER

ANTHONY J. ANNUCCI, idividually and in his
official capacity as Acting Commissioner of the
New York State Department of Corrections and
Community Supervision, ADA PEREZ, individually
and in her official capacity as Superintendent of
Downstate Correctional Facility, Sergeant KATHY
TODD-SCOTT, individually and in her official
capacity, CORRECTIONAL OFFICER GEORGE
SANTIAGO, individually and in his official
capacity, CORRECTIONAL OFFICER DONALD
COSMAN, Individually and in his official capacity,
CORRECTIONAL OFFICER CARSON MORRIS,
individually and in his official capacity,
CORRECTIONAL OFFICER ANDREW LOWERY,
Individually and in his official capacity, SUSAN
LANGFORD RN-II, individually and in her official
capacity, PANDORA A. VOLPE RN II individually
and in her official capacity, WILLIAM MANY,
individually and in his official capacity as Deputy
Superintendent for Security of Downstate Correctional
Facility, MARIO MALVAROSA, M.D., individually
and in his official capacity as Downstate Correctional
Facility Health Services Director and Sergeant JOHN
DOE, individually and in his official capacity.

                                Defendants.

## Preliminary Statement

George Santiago, Pro Se Defendant, submits the following in response to the Verified Amended complaint in the above referenced action. The responses are as follows along with defenses as they relate only to this defendant;

#2 contains facts that are true as I know now.



1 | 5

#3 contains information that is false and misleading. The assertion that inmate Moore was attacked within minutes of his arrival at Downstate by this officer and other is unquestionably a falsehood, with no evidence to support that to be factually true in any manner. Furthermore, the account description of him being attacked with batons is also patently false, with no information or evidence to support that claim.

#4 Lacking knowledge or information sufficient to form a belief about the truth of this allegation

#5 this incident was investigated by the Inspector Generals office and an arbitration hearing was held which did result in my termination. Worthy to note is that prior to the criminal investigation this defendant was actively contesting the agency's termination.

#6 uncontested

#7 uncontested

#8 uncontested

#9 uncontested

#10 thru #12 uncontested

## The Parties

#13 thru 18 are primarily uncontested with the exception of my assignment to Housing Unit 1D, it was not my assignment, but within the institutional jurisdiction of my assigned work area.

#19 to #21 Lacking knowledge or information sufficient to form a belief about the truth of this allegation

#22 to #24 although part of my responsibilities is the care, custody and control of inmates within Downstate. The allegations of misconduct are in dispute as it relates to this defendant and denied and should be further scrutinized by a Jury in this matter.

## Statement of Facts

#25 thru #91

On November 12, 2013 Inmate Moore does arrive at DCF and is assigned to Housing Area 1D/FDU, due to the lack of cell availability for general population inmates. The total number of inmate reportedly transferred to 1D was three not two and I was not

2 | 5

assigned as an officer of housing area 1D/Forenis Diagnostics Unit, (FDU). Inmates assigned to 1D/FDU are directed to remove shoelaces, as part of the admission process for the FDU cell assignment. Furthermore, no transfer inmate is allowed to have belts. Therefore Inmate Moore had no belt, this portion is not true.

I have no recollection of any such statement by inmate Moore, regarding his pleas to Sgt. Scott. The initial description of the purported assault (#30 & #31) is false and no evidence or testimony will support this account.

#32, absolutely and totally false. No evidence will support that this defendant engaged in such conduct.

#33 through # 37 an account that can be disproved and revealed to be inaccurate through a more comprehensive and inclusive processing of all the evidence and witnesses testimony.

#38 through #40 No evidence will support that this defendant had a role as accused.

#41 through #43 - No response as this is the chronology of the disciplinary and criminal proceedings

#44 the injuries as described are questionable as not all or many as indicated were life threatening.

#45 through #50 I was not present and cannot account for many of these allegations. However, the evidence will support that this account in part is a total fabrication, as to inmate Moore being made to walk dressed only in his underwear and socks.

#51 & #52 I cannot speak to what an Officer assigned to the S.H.U. did, but I can say that any such delivery of a disciplinary infraction containing a narrative alleging that Inmate Moore assaulted this defendant is totally false and a fabrication. No such Infraction exists as it is described by the Plaintiff.

#53 as to his Blood soaked clothing this is another falsehood and fabrication. No evidence will support this allegation. However the evidence will show that this is a total falsehood and fabrication. Furthermore, it is an institutional practices for inmates going into the S.H.U. to have a clothing exchange. The subjects clothing is searched and exchanged for clothing that has no pockets for security purposes. The laundering of his clothing is an institutional practice and done at the S.H.U., and is not unique to this situation as implied. Furthermore, Blood soaked clothing would have been removed and treated as a bio-hazardous item, under department policy. This account is a falsehood and fabrication and can be proven to be a fabrication through the evidence.

#54 through #56 I cannot respond to the conversation that took place between the NYCDOC staff and other DCF staff. The evidence will support that this is not true and an exaggeration of the facts; Inmate Moore was transferred to Elmhurst on the orders of

Dr. San Jose to rule out an intracranial fractures, and or spleen injury not due to any underlying emergency medical distress. He medical transfer was facilitated by the FDNY under a non-critical injury conditions. He is treated and transferred to Bellevue Hospital, which houses male inmates, on November 15, 2013. Therefore he is not on a ventilator for a week prior to his transfer; no evidence will support the Plaintiffs claim as stated. These assertions are exaggerated and a fabrication.

#57 & #58 the inmate is treated for injuries he reportedly sustained during the incident. I deny inflicting any punishment or injuries upon the Plaintiff.

#59 through #71 the Plaintiff claims that he made no threatening actions, or refused a lawful order. The evidence will support that he did in fact act in a threatening manner, while refusing his cell assignment. Furthermore, this defendant has maintained that he responded to assist and with no intent to use force, the evidence supports that my first course of action was to mediate with one of the participant in the act of defiance to orders to assume a cell assignment. As for the plaintiff he never allowed for the opportunity by becoming verbally aggressive and threatening in his posture and demeanor as the evidence will show. Furthermore the evidence will support that the Plaintiff was physically resisting efforts to restrain him. Worthy to note is that the use of O.C. Oleoresin Capsicum was not an issued defensive weapon available to officers during this time, therefore that statement is not true and a fabricated alternative to the use of force.

Also the Plaintiff was not in handcuffs as indicated, the force was use to place him in handcuffs and once achieved the force was terminated. The evidence will support that the Plaintiff resisted the staffs' efforts to place him in restrain, thus extending the incident.

The evidence will support that staff members did sustain injuries during this encounter.

#71 through #75 Lacking knowledge or information sufficient to form a belief about the truth of this allegation

#76 is completely false and has been answered.

#77 the inmate infraction was issued pursuant to the use of force.

#78 completely false I had no interaction with the Transportation Officers from the NYC DOC.

#79 through #91 the allegation are vague and ambiguous as it relates to my ability to respond, they are more tailored to the action of others to include the Management and the medical staff and therefore I cannot respond.

## First Claim

#92 through #98 the evidence will support this is not true as it relates to this Defendant.

## Second & Third Claim

#99 through #116 Lacking knowledge or information sufficient to form a belief about the truth of this allegation

## Fourth Claim

#117 through #135 Lacking knowledge or information sufficient to form a belief about the truth of this allegation. However, I will state that the incident in which I am referenced; the action were resolved without any penalty to me. To wit the settlements include no acceptance of guilt or responsibility by either party; therefore I assert that they should not be used against me as they were independent incidents separate and apart from this incident.

## Fifth Claim

#136 through #143 I cannot speak to what is assumed to have been done by others. I will state that I reported my action and maintain that I did not engage in any conduct that is being alleged in this complaint. If given the opportunity at a trial the evidence would support my defense.

Date: 7/16/2018
George Santiago, Pro Se
P.O. Box 65
Fremont Center, N.Y. 12736

George Saulsbury Jr.
P.O. Box 65
Fremont Center, NY. 12736

RECEIVED
SDNY DOCKET UNIT
2018 JUL 23 PM 4:39

Clerk
United States District Court
Federal Building, and United States Courthouse
300 Quarropas Street
White Plains, N.Y. 10601

(Re: Wm-W. Clark)